IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:23-CR-00165-M

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| KOJO OWUSU DARTEY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on Defendant Major Kojo Owusu Dartey's Motion to Amend Magistrate Judge's Order of Detention. DE 29. For the reasons stated herein, the court denies the motion.

Magistrate Judge Robert T. Numbers ordered Major Dartey detained on June 9, 2023. DE 28. Major Dartey filed a motion for revocation or amendment of that order on June 22, 2023. DE 29. The Government opposed the motion. DE 30. The court heard argument on the motion on July 25, 2023. DE 34.

A defendant can seek review of his detention under 18 U.S.C. § 3145. That statute permits a person who a magistrate judge orders detained to file a motion for revocation or amendment of that order. 18 U.S.C. § 3145(b). On such a motion, the court conducts a de novo review of detention. *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1985). The court "must make an independent determination of the proper pretrial detention or conditions of release." *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001); *United States v. Owens,* No. 5:20-CR-00026-BR, 2020 WL 3884428, at *2 (E.D.N.C. July 9, 2020).

The court orders pretrial detention if it finds the Defendant a risk of flight or danger to the community. Accordingly, the standard for pretrial detention is met if the court finds that no condition or combination of conditions will reasonably assure (1) the appearance of the person as required [risk of flight], which must be supported by a preponderance of the evidence, *see United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (unpublished), or (2) the safety of any other person and the community [danger to community], which must be supported by clear and convincing evidence, *see* 18 U.S.C. § 3142(f)(2). 18 U.S.C. § 3142(e). "For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance or the safety of others or the community, is sufficient; both are not required." *Stewart*, 19 F. App'x at 48. In making its determination, the court must consider: (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

Major Dartey argues he should be released on appropriate conditions. DE 29. He is a member of the United States Military with minimal criminal history, a stable residential plan, and a suitable third-party custodian. He also has primary custody of his two children and his mother assists in raising them. Major Dartey's mother and two children plan to reside with him if he is released on conditions.

The Government argues Major Dartey is a risk of flight and no combination of conditions can assure his appearance before the court. After he was indicted, Major Dartey fled from his post in South Korea, travelled to Vietnam without military authorization, was ordered back to Korea by his commanders, and when he did not return for several days, he was listed Absent Without Leave ("AWOL"). Major Dartey's charges include false statements to the Government, impeding

2

the administration of justice, and illegally shipping firearms internationally. Moreover, he has significant ties to Ghana, where it appears he intends to return, and he shipped firearms there, increasing his risk of flight.

The 18 U.S.C. § 3142(g) factors counsel denying Major Dartey's motion. DE 30. First, Major Dartey's charges include making a false statement or representation to a department or agency of the United States, impeding the due administration of justice, making false declarations before this court, dealing illegal firearms and conspiracy, making a materially false statement to a federally licensed firearms dealer, and smuggling goods from the United States. DE 1. Counts 1–3 involve conduct related to the trial of *United States v. Agyapong*, No. 5:19-CR-423-5FL, where the Indictment alleges Major Dartey not only lied to investigators about material facts, but he also influenced a trial witness and lied while under oath at the trial. DE 30 at 2.

Second, the weight of the evidence against Major Dartey favors denying his motion. Multiple lay witnesses provided statements and sworn testimony detailing the offenses committed by Major Dartey and the Government has provided multiple documents signed by him when he purchased the firearms. Furthermore, when he later surrendered himself, he informed Army CID agents that the firearms illegally shipped to Ghana were his.

Third, the history and characteristics of Major Dartey favor denying his motion. Major Dartey has already demonstrated his willingness to travel internationally without authorization. The day after the grand jury sat to hear evidence in his case, Dartey fled. The evidence included testimony from a fellow soldier and a member of the Ghanaian church attended by Major Dartey. The next day, Major Dartey left his post in South Korea and fled to Vietnam. Exactly a week later, when Army Investigators were actively looking for him, his commanders made contact with him and ordered him back to his post. He did not comply and was listed by the Army as AWOL. In

3

addition, Major Dartey has significant ties to Ghana. He was born there and immigrated to the United States from there. He also secured shippers to Ghana and had an intended point of contact there for the firearms he illegally shipped.

Fourth, Defendant's proposed release plan is insufficient. Although the court finds Major Dartey's proposed third-party custodian, Emmanuel Myers, is a suitable third-party custodian, the court notes he currently resides in Georgia and has not been at Major Dartey's residence since late 2018 or 2019. Mr. Myers testified that he has to travel for work, so there are times when he would not be present to supervise Major Dartey. Testimony at the hearing revealed that the home Major Dartey proposed to live in pretrial was occupied at the time Major Dartey represented to Magistrate Judge Numbers that the home was vacant. This fits a pattern of Major Dartey's misrepresentations and false statements to the court and Government. Although Major Dartey has been reassigned from his post in South Korea to Fort Liberty, the Government represents that no unit has accepted his admittance.

In sum, the court agrees with the Government and finds Major Dartey a flight risk by a preponderance of the evidence. Significantly, Major Dartey went AWOL after he was indicted, has significant ties to Ghana with apparent attempts to relocate there, and his crimes include false statements to the court and Government and illegal firearms dealing internationally, including the shipment of firearms to Ghana. The court finds that the Government has demonstrated by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure his appearance as required. The motion is DENIED.

SO ORDERED this 1st day of August, 2023.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

4