IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

5:23-CR-00165-M-1

UNITED STATES OF AMERICA,

     Plaintiff,

v.

KOJO OWUSU DARTEY,

     Defendant.

ORDER

This matter comes before the court on several motions filed by Defendant. Defendant filed three of the motions pro se [DE 43; DE 49; DE 53]. His counsel thereafter (and in response to an order from the court) adopted two of those motions. DE 54 (adopting DE 43 and DE 49 but not DE 53). The United States then responded to the two motions that counsel for Defendant adopted. DE 58. Defendant (through counsel) then filed a fourth motion, [DE 63], to which the United States responded, DE 68. The motions are now fully briefed, and for the reasons that follow, they are all denied.

## I.  Background

The Indictment in this action charges Defendant in two separate schemes. *See* DE 1. First, Defendant is charged in connection with allegedly false statements he made (both in and out of court) in relation to a prior criminal case in this District before Judge Louise W. Flanagan. *See id.* at 1-2 (referencing conduct related to *United States v. Agyapong*, No. 5:19-CR-00423-FL-5). He is also charged with obstruction of justice due to alleged witness tampering in that matter. *Id.* at 2. Second, Defendant is charged in a conspiracy to export firearms from the United States to Ghana without a license. *See id.* at 3-9.

1

After Defendant's arrest, he was ordered detained pending trial by Magistrate Judge Robert T. Numbers, II on June 9, 2023. DE 26; DE 28. Defendant appealed his detention order. DE 29. This court then held a hearing and denied Defendant's appeal. DE 34; DE 36. Specifically, the court found that no available conditions of release would reasonably assure Defendant's appearance as required because the record reflects that, after Defendant learned a grand jury was weighing charges against him, he fled from his military post "in South Korea, travelled to Vietnam without military authorization, was ordered back to Korea by his commanders, and when he did not return for several days, he was listed Absent Without Leave ("AWOL")." DE 36 at 2.

Several weeks later, Defendant's (now-former) counsel moved to withdraw, which the court granted. DE 40; DE 42. The court then ordered the Office of the Federal Public Defendant to appoint new counsel for Defendant. DE 47. Defendant's new counsel entered a notice of appearance on September 8, 2023. DE 48.

In between the date on which Defendant's former counsel moved to withdraw and the date on which Defendant's current counsel entered a notice of appearance, Defendant filed two pro se motions. DE 43; DE 45.[1] Three days after Defendant's current counsel entered a notice of appearance, Defendant filed another pro se motion. DE 49. Because Defendant had "requested appointment of counsel and elected not to exercise his right of self-representation," the court ordered counsel for Defendant to provide notice to the court as to whether he would adopt Defendant's pro se motions. DE 51 at 1-2.

Defendant then filed another pro se motion. DE 53. Three days after that, counsel for Defendant adopted Defendant's first three pro se motions, but not the motion Defendant filed three days prior. *See* DE 54. The United States then responded to the pro se motions which were

---

[1] Docket Entry 45, a pro se motion for reconsideration of this court's denial of Defendant's appeal of his detention order, will not be further discussed in this order. *See* DE 73 (scheduling February 5, 2024 hearing on that motion).

2

adopted by counsel for Defendant. *See* DE 58. Defendant (through counsel) then filed a motion to dismiss. DE 64. The Untied States responded to that motion as well. DE 68.

## II.  Analysis

### a.  <u>Motion for Production of Evidence</u>

Defendant's first pro se motion (that his counsel adopted) is a "motion for production of exculpatory and impeachable [sic] evidence." DE 43 at 1. The motion references the government's obligation to disclose such materials, and requests a court order that the United States produce that evidence. *See id.* Counsel for Defendant's adoption of this motion did not provide any further argument. *See* DE 54.

In response, the United States notes that it "is aware of its [*Brady*] obligations," and "is not aware of any unproduced exculpatory evidence subject to disclosure." DE 58 at 5-6. The United States asserts further that it has already produced approximately 3500 pages of discovery. *See id.* at 6. As for potential impeachment evidence, the United States indicates that it "has already produced a significant amount of such material," and any further disclosures "will be made in sufficient time for them to be adequately used at trial." *Id.* at 6-7.

The court finds Defendant's request largely moot in light of the United States' representations and voluminous production to date. The United States has already been reminded of its obligations to produce exculpatory evidence. *See* Text Order dated June 6, 2023 ("remind[ing government] counsel that under *Brady v. Maryland* and its progeny the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."). An additional reminder would be gratuitous. Moreover, any such evidence (as well as impeachment evidence) need only be produced to Defendant "in time [for him] to

reasonably and effectively use it at trial." *United States v. Jeffers*, 570 F.3d 557, 573 (4th Cir. 2009). Defendant recently sought (and obtained) a continuance of his arraignment until the middle of March, 2024. *See* DE 69; DE 71. Defendant's potential trial is not so imminent, and the United States is sufficiently aware of its discovery obligations, such that a court order for production of evidence is uncalled for. Accordingly, the motion for production of evidence is denied in part as moot, and otherwise denied.

      b. Motion for Bill of Particulars

Defendant's next motion (that his counsel adopted) is a motion for a bill of particulars. DE 49. This motion notes that the charges he faces "are complex," in that they "involve many specified and general overt acts," as well as "numerous witnesses and participants." *Id.* at 1. The motion contends that "the indictment lacks critical details [related to the firearms transactions]," *id.* at 2, and a bill of particulars is necessary so that Defendant can adequately prepare for trial, *see id.* at 1. Counsel for Defendant adopted this motion, and then supplemented the motion by arguing that the charges "rais[e] territorial jurisdiction questions with tons of contradictions," and that the Indictment "is noticeably unclear" in certain respects. DE 65 at 2; *see also* DE 54 (adoption of DE 49).

The United States objects to this request, on the basis that a bill of particulars is intended to apprise a defendant of the relevant charges, not to "compel the government to disclose its theory of the case, its witnesses, or a detailed description of the manner and means by which the crime was committed." DE 58 at 12. The United States adds that much of the information Defendant seeks can be obtained through discovery, and that "the government has provided broad discovery." *Id.* at 12-13. Lastly, the United States contends that the "Indictment provides Defendant with sufficient notice of the general parameters of the conduct with which he is charged." *Id.* at 13.

4

Rule 7 of the Federal Rules of Criminal Procedure authorizes "[t]he court [to] direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). The purpose of a bill of particulars is to "apprise the defendant of the charges against him so that he may adequately prepare a defense and avoid surprise at trial," not to "provide detailed disclosure of the government's evidence in advance of trial." *United States v. Automated Med. Lab'ys, Inc.*, 770 F.2d 399, 405 (4th Cir. 1985). "Where the government provides the defendant with extensive pretrial disclosure of its evidence supporting the charges alleged in an indictment, a court may deny a bill of particulars." *United States v. Chacona*, 633 F. Supp. 3d 751, 759 (E.D.N.C. 2021).

In consideration of the foregoing principles, and after review of the Indictment, the court finds that a bill of particulars is unwarranted. The Indictment, as it pertains to the various firearms offenses, contains specific dates, locations, business names, firearm types, and serial numbers. *See* DE 1 at 3-8. That information "fairly apprise[s] [D]efendant of the charges against him." *Automated Med. Lab'ys*, 770 F.2d at 405. Requiring the United States to provide more information would effectively force the government to disclose its "evidence in advance of trial." *Id.* That disclosure is unnecessary because "the government has provided [Defendant] with extensive pretrial discovery." *Chacona*, 633 F. Supp. 3d at 759. Accordingly, the motion for a bill of particulars is denied.

    c.  Motion to Elect Indictment

After counsel for Defendant entered a notice of appearance, but before he adopted Defendant's pro se motions, Defendant filed a pro se motion to elect indictment. DE 53 at 1-2. Counsel for Defendant did not adopt this motion. *See* DE 54 at 1 (adopting three other pro se motions, but not DE 53). "[A] district court is under no obligation to consider a defendant's pro se motion when he is represented by counsel." *United States v. Hammond*, 821 F. App'x 203, 207

5

(4th Cir. 2020); *United States v. Washington*, 743 F.3d 938, 941 n.1 (4th Cir. 2014) (holding that "defendant has no right to raise substantive issues while he is represented by counsel") (internal quotation marks omitted). In that regard, "a defendant has no right to hybrid representation for written motions." *United States v. Miller*, 54 F.4th 219, 227 (4th Cir. 2022). As a result, the court denies the motion to elect indictment, but does so without prejudice to Defendant (through counsel) filing a subsequent substantive motion on this issue.[2]

### d. Motion to Dismiss

Lastly, Defendant (through counsel) filed a motion to dismiss. DE 64. The motion to dismiss contends that the allegations in Counts 4-13 of the Indictment address "acts that occur in the country of Ghana." *Id.* at 1. The motion to dismiss asserts that "the United States has no jurisdiction over any acts committed in Ghana." *Id.*

In response, the United States notes first that Counts 6 and 7 charge Defendant's co-defendant, George Archer, not Defendant. DE 68 at 1. The response adds that Counts 5, and 8-12 "make no mention of Ghana and all specifically occurred in the United States." *Id.* As for Counts 4, 13, and 14, the United States contends that the charges in those Counts "fall squarely within Congress' authority" to regulate commerce with foreign nations. *Id.* at 2-3. The United States adds that, as to Count 4 (conspiracy), none of the twelve alleged overt acts occurred in Ghana. *Id.* at 3. And Counts 13 and 14 relate to the placement of "items in the stream of commerce with the intent they would be shipped from the U.S. to Ghana," not "any acts being committed in Ghana." *Id.*

---

[2] Given counsel for Defendant's prior representation that he adopted the pro se motions "[o]ut of an abundance of caution," and the implication that counsel did not have sufficient time to consider the substance of those motions, *see* DE 54 at 1 (discussing the "timing of the" order as it relates to his appointment, as well as counsel's "desire to be respectful of . . . deadlines"), a motion that merely adopts Defendant's pro se motion on this issue will be considered inadequate to re-raise the issue.

6

The court first finds that the motion to dismiss lacks merit as to Counts 5-12. Those Counts all specifically relate to domestic conduct, or another defendant. *See* DE 1 at 5-8. As to those Counts, then, Defendant's argument is predicated on an erroneous premise.

The court notes further that, although Defendant "frames the extraterritorial reach of a statute as a question of subject matter jurisdiction, the Supreme Court has clarified that it is a 'merits question' that goes to 'what conduct the statute prohibits.'" *United States v. Skinner*, 70 F.4th 219, 224 n. 1 (4th Cir. 2023) (internal brackets omitted) (quoting *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 254 (2010)), *cert. denied*, No. 23-5781, 2023 WL 7475280 (U.S. Nov. 13, 2023). So, to a certain extent, the parties are making arguments past each other, because notwithstanding the government's constitutional authority to regulate commerce with foreign nations, courts still interpret federal laws consistent with "a canon of statutory construction known as the presumption against extraterritoriality." *RJR Nabisco, Inc. v. Eur. Cmty.*, 579 U.S. 325, 335 (2016). In that sense, despite Congress' "undisputed authority to apply its laws beyond the territorial boundaries of the United States," determining "[w]hether it has exercised that authority is a matter of statutory construction." *Roe v. Howard*, 917 F.3d 229, 240 (4th Cir. 2019) (internal quotation marks omitted).

The presumption against extraterritoriality is an interpretive canon which instructs courts that, unless "a statute gives [a] clear indication of an extraterritorial application, it has none." *Morrison*, 561 U.S. at 255. On the other hand, even where a statute does not provide a clear indication of extraterritorial reach, so long as "the conduct relevant to the statute's focus occurred in the United States, then the case involves a permissible domestic application even if other conduct occurred abroad." *RJR Nabisco*, 579 U.S. at 337. As the foregoing principles make clear, there is "a two-step framework for analyzing extraterritoriality issues." *Id.*

Applying that framework here, the court finds that 18 U.S.C. § 371 (Count 4 - Conspiracy), and 18 U.S.C. § 922(e) (Count 13 - Delivering Firearms to a Common Carrier) do not provide a "clear indication of an extraterritorial application." *Morrison*, 561 U.S. at 255. Even so, the statutes are not impermissibly applied in an extraterritorial manner if "the conduct relevant to the statute's focus occurred in the United States." *RJR Nabisco*, 579 U.S. at 337. Here, all 12 of the overt acts for the conspiracy charge are alleged to have occurred in the United States. DE 1 at 4-5. In addition, the actus reus for the delivering firearms charge is delivery to a common carrier, i.e., conduct that occurred in the United States. *See* 18 U.S.C. § 922(e). Therefore, the charges in Counts 4 and 13 (as alleged in the Indictment) constitute "permissible domestic application[s]" of 18 U.S.C. § 371 and 18 U.S.C. § 922(e). *RJR Nabisco*, 579 U.S. at 337.

The statute underlying Count 14 (Smuggling) proscribes the export of items "from the United States . . . contrary to any law or regulation of the United States." 18 U.S.C. § 554(a). The movement of goods from the United States arguably connotes extraterritorial application. On the other hand, the cited statute does not as clearly indicate an intent for extraterritorial application as other smuggling statutes. *See* 18 U.S.C. § 546 (proscribing smuggling of goods "into the territory of any foreign government").

But, even if the court were to conclude that the smuggling statute underlying Count 14 does not give a clear indication of extraterritorial application, its use in the instant Indictment would still reflect a permissible domestic application. *See RJR Nabisco*, 579 U.S. at 337. According to the allegations in the Indictment, Defendant purchased firearms illegally in the United States, then delivered those firearms to a common carrier in the United States for their shipment to Ghana. *See* DE 1 at 8. Those allegations describe domestic conduct, and the shipment's ultimate delivery to Ghana does not change the analysis because the relevant inquiry is whether "the conduct relevant

8

to the statute's focus occurred in the United States . . . even if other conduct occurred abroad." *RJR Nabisco*, 579 U.S. at 337. Because the Indictment alleges domestic conduct, none of the statutes underlying it require extraterritorial application, and the motion to dismiss is denied.

As a final observation, the court notes that its analysis of this issue is necessarily confined to the factual allegations in the Indictment, which the court must accept as true at this posture. *See United States v. Brewbaker*, 87 F.4th 563, 579 (4th Cir. 2023). The ultimate evidence in this action may prove otherwise, but at the motion to dismiss stage a court "lack[s] authority to review the sufficiency of evidence supporting an indictment." *United States v. Wills*, 346 F.3d 476, 488 (4th Cir. 2003).

### III. Conclusion

For the reasons articulated above, Defendant's motions [DE 43, DE 49, DE 53, DE 64] are DENIED.

SO ORDERED this ___25th___ day of January, 2024.

_____
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE