IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

5:23-CR-00165-M-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | ORDER |
| KOJO OWUSU DARTEY, | |
| Defendant. | |

This matter comes before the court on Defendant's motion to dismiss Count Thirteen (13) of the Indictment on grounds of lack of specificity [DE 78] and motion to sever the gun-related charges (Counts 4 through 15) and the perjury-related charges (Counts 1 through 3) [DE 79]. The United States responded to both motions. DE 83. For the following reasons, Defendant's motions are denied.

The court has previously recounted the factual and procedural history of this action in a prior order. *See* DE 75 at 1-2. At a high level, Defendant is charged with making false statements in connection with a prior federal criminal case, both in and out of court. DE 1 at 1-2. During Defendant's travels to the United States to provide testimony in that case, he also allegedly coordinated an illicit shipment of firearms to Ghana. *See id.* at 3-9.

In its prior order, the court addressed a motion from Defendant requesting a bill of particulars. DE 75 at 4-5. The basis of that request was that the Indictment "lack[ed] critical details," and that Defendant required more information "to enable him to prepare for trial." DE 49 at 1-2. The court rejected Defendant's request for a bill of particulars and concluded that the

1

Indictment fairly apprised Defendant of the charges against him. DE 75 at 5 (citing *United States v. Automated Med. Lab'ys, Inc.*, 770 F.2d 399, 405 (4th Cir. 1985)).

I.  **Motion to Dismiss**

As it relates to Defendant's instant motion to dismiss Count 13 for lack of specificity, the court sees no reason to depart from its prior conclusion that the Indictment fairly apprises Defendant of the charges against him. "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (internal quotation marks omitted). Courts may consider whether a statute's terms clearly set forth the elements of the offense by reference to model jury instructions. *United States v. Brock*, No. 3:22-CR-00001, 2022 WL 4241743, at *5 (W.D. Va. Sept. 14, 2022). In addition, "by using the statutory language and specifying the time and place of the offense, [an] indictment [gives] the defendant fair notice of the charge against which he would need to defend himself, and also enable[s] him to protect himself against future prosecution for the same offense." *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018).

Here, Count 13 charges Defendant with violating 18 U.S.C. § 922(e), which states, in relevant part:

> It shall be unlawful for any person knowingly to deliver or cause to be delivered to any common or contract carrier for transportation or shipment in interstate or foreign commerce, to persons other than licensed importers, licensed manufacturers, licensed dealers, or licensed collectors, any package or other container in which there is any firearm or ammunition without written notice to the carrier that such firearm or ammunition is being transported or shipped.

18 U.S.C. § 922(e). And the Indictment alleges that:

2

> On or about July 2, 2021, and continuing until on or about July 31, 2021, within the Eastern District of North Carolina, and elsewhere, [Defendant] . . . did knowingly and willfully deliver and cause to be delivered to a common and contract carrier for transportation and shipment in interstate or foreign commerce, to persons other than licensed importers, licensed manufacturers, licensed dealers or licensed collectors, packages and containers in which there were firearms, without written notice to the carrier that such firearms were being transported and shipped, in violation of Title 18, United States Code, Sections 922(e) and 924.

DE 1 at 8.

Count 13 of the Indictment is sufficiently specific. It "set[s] forth the offense in the words of the statute itself." *Hamling*, 418 U.S. at 117. That statutory language directly sets forth the elements of the offense. *Id.* The language also tracks the model jury instructions. DE 83 at 5-6 (quoting Eric Wm. Ruschky, P*attern Jury Instructions for Federal Criminal Cases, District of South Carolina* 18 U.S.C § 922(e) (2020 Online Edition)); *Brock*, 2022 WL 4241743, at *5. Count 13 also includes the general date[1] and location of the alleged offense. *Williamson*, 903 F.3d 124, 130; *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012) (holding indictment generally sufficient "where it informs the defendant of the statute he is charged with violating, lists the elements of a violation under the statute, and specifies the time period during which the violations occurred").

More specificity may be required in rare cases when "guilt depends so crucially upon such a specific identification of fact." *Russell v. United States*, 369 U.S. 749, 764 (1962) (indictment that charges violation of statute making it a crime for witness summoned before congressional committee to refuse to answer any question "pertinent to the question under inquiry" must identify subject of the congressional hearing); *but see United States v. Stringer*, 730 F.3d 120, 125 (2d Cir. 2013) (describing *Russell* as "one of the very rare cases in which an indictment that tracked the

---

[1] "Where a particular date is not a substantive element of the crime charged, strict chronological specificity or accuracy is not required." *United States v. Smith*, 441 F.3d 254, 261 (4th Cir. 2006).

3

statutory language and furnished the pertinent dates was held insufficient"). On the other hand, where a statute's term "does not change with each indictment" and "is a term sufficiently definite in legal meaning," use of that term in an indictment adequately gives a "defendant notice of the charge against him." *Hamling*, 418 U.S. at 118.

Unlike the statute at issue in *Russell*, Section 922(e) is not one of the rare cases that requires specific identification of fact. For example, Defendant argues that Count 13 "fails to provide the name of the contract carrier" to whom Defendant allegedly delivered firearms. DE 78 at 1. But Defendant's guilt does not depend on such identification, so long as Defendant delivered the firearms to "**any** common or contract carrier." 18 U.S.C. § 922(e) (emphasis added); *Cf. Russell*, 369 U.S. at 764 (explaining that specific subject matter of congressional hearing "is central to every prosecution under the statute"); *accord Hamling*, 418 U.S. at 118. Defendant further contends that Count 13 fails to identify the persons to whom Defendant allegedly sought to transport the firearms. DE 78 at 1-2. But again, his guilt does not depend on such identification, so long as they are "persons other than licensed importers, licensed manufacturers, licensed dealers, or licensed collectors." 18 U.S.C. § 922(e). Those are legal terms with precise definitions that "do[] not change with each indictment." *Hamling*, 418 U.S. at 118; 18 U.S.C. § 921(a)(9) – (13) (definitions). Use of those terms adequately gives "[D]efendant notice of the charge against him." *Id.*

As *Russell* and *Hamling* demonstrate, the identity of the common or contract carrier, or the identities of the persons other than licensed importers, licensed manufacturers, licensed dealers, or licensed collectors, do not lie at "the very core of criminality under" Section 922(e) such that they require further specific identification of fact. *Russell*, 369 U.S. at 764; *Hamling*, 418 U.S. at 118; *accord Stringer*, 730 F.3d 120, 127-28 (2d Cir. 2013) (distinguishing *Russell*, and holding that

4

indictment charging violation of identity theft statute need not include "the name of the victim"); *United States v. Smith*, 44 F.3d 1259, 1265 (4th Cir. 1995) (holding that indictment charging violation of money laundering statute was sufficiently specific where it alleged that funds were derived from "wire fraud," without providing more factual detail as to that underlying unlawful activity, because "[t]he core of money laundering . . . is the laundering transaction itself," and "the requirement that the funds be illegally derived is not the distinguishing aspect and therefore does not lie at the core of the offense"); *United States v. Cuong Gia Le*, 310 F. Supp. 2d 763, 777-80 (E.D. Va. 2004) (indictment charging defendants with committing violent crimes "in aid of racketeering" did not need to "allege with specificity the predicate racketeering offenses"). Rather, those identities are ancillary to the charge, and although the United States will ultimately have to show that Defendant delivered firearms to a common carrier for ultimate transport to unlicensed persons, "that showing is a matter of proof, not of the indictment's sufficiency." *United States v. Bitzur*, No. 96-CR-572, 1996 WL 665621, at *3 (S.D.N.Y. Nov. 18, 1996).

In sum, "[t]he true test of the sufficiency of an indictment is not whether it could have been made more definite and certain." *United States v. Debrow*, 346 U.S. 374, 376 (1953). "[D]etailed allegations . . . surely are not contemplated by Rule 7(c)(1)." *United States v. Resendiz-Ponce*, 549 U.S. 102, 110 (2007). That Rule, like the other Federal Rules of Criminal Procedure, was "designed to eliminate technicalities in criminal pleading and [is] to be construed to secure simplicity in procedure." *Debrow*, 346 U.S. at 376. Count 13 of the Indictment, which includes (1) the statute's terms, (2) the elements of the offense, (3) a narrow date range during which the offense occurred, and (4) the location of the offense, is sufficiently specific. The motion to dismiss is therefore denied.[2]

---

[2] The court notes the United States' argument that the motion should be denied in light of the broad discovery it has provided to Defendant. DE 83 at 6. But Defendant's motion tests the sufficiency of the Indictment. "What the

5

## II. Motion to Sever

Defendant also moves the court to sever the perjury-related charges (Counts 1 through 3) from the firearm-related charges (Counts 4 through 15). DE 79 at 1. This motion contends that consideration of these offenses in one proceeding "will unfairly prejudice [D]efendant." *Id.* at 1-2. Specifically, the motion argues that Defendant could be prejudiced because "the jury may find [him] guilty of one charge based on a perceived criminal disposition because it has determined he is guilty of the other." *Id.* at 2 (citing *United States v. Robinson*, No. 7:18-CR-32-1, 2018 WL 5908894, at *3 (E.D.N.C. Nov. 11, 2018) (denying without prejudice motion to sever)).

The court specifically notes that the motion to sever does not contend that the charges in the indictment are improperly joined under Rule 8 of the Federal Rules of Criminal Procedure. *See* DE 79 at 1-2. As a result, the court assumes, for purposes of this order, that joinder of the offenses is proper. *See* Fed. R. Crim. P. 8(a) (detailing that indictment "may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."); *United States v. Mackins*, 315 F.3d 399, 412 (4th Cir. 2003) (holding that Rule 8 permits "very broad joinder at the pleading stage") (internal ellipses omitted) (quoting 1A Charles Alan Wright, Federal Practice and Procedure § 141 (3d ed.1999)); *United States v. Mir*, 525 F.3d 351, 356–57 (4th Cir. 2008) (recognizing "efficiency in trying the defendant on related counts in the same trial" in order to conserve "limited judicial resources"); *United States v. Acker*, 52 F.3d 509, 514 (4th Cir. 1995) (favorably citing Ninth Circuit authority for proposition that "joinder is a rule rather than the exception"); *United States v. Hirschfeld*, 964 F.2d 318, 323 (4th Cir. 1992) (interpreting Rule 8's reference to "connected transactions flexibly, as implying a connection of logical relationship")

---

government has provided in discovery is irrelevant to the [c]ourt's analysis of the sufficiency of the indictment." *United States v. Warnagiris*, No. 21-CR-00382, 2023 WL 6926491, at *4 (D.D.C. Oct. 19, 2023).

6

(internal quotation marks omitted); *United States v. Perry*, 731 F.2d 985, 990 (D.C. Cir. 1984) (collecting circuit-level decisions which conclude that Government need not rely on face of indictment for showing propriety of joinder, and may provide basis for joinder through "pre-trial representations," or even "at trial").

Even where offenses are properly consolidated in one indictment, "Rule 14 of the Federal Rules of Criminal Procedure provides that a court may grant a severance from a prejudicial joinder." *United States v. LaRouche*, 896 F.2d 815, 830 (4th Cir. 1990); *see also Cataneo v. United States*, 167 F.2d 820, 823 (4th Cir. 1948) (explaining that "the question of severance . . . is vested under Rule 14 in the sound discretion of the trial judge"); Fed. R. Crim. P. 14(a) ("If the joinder of offenses . . . appears to prejudice a defendant . . ., the court **may** order separate trials of counts . . . or provide any other relief that justice requires.") (emphasis added). "A defendant making a motion for severance pursuant to Rule 14 has the burden of demonstrating a strong showing of prejudice." *United States v. Goldman*, 750 F.2d 1221, 1225 (4th Cir. 1984). "Indeed, the express language of Rule 14 . . . shows that Congress tolerates some Rule 8 joinders even when there is prejudice." *United States v. Lane*, 474 U.S. 438, 449 n.12 (1986); *see also Zafiro v. United States*, 506 U.S. 534, 538–39 (1993) ("Rule 14 does not require severance even if prejudice is shown").

Defendant has not met his burden in making a strong showing of prejudice. The motion to sever asserts that the "gun-related charges have no relevance to the perjury-related charges." DE 79 at 2. Notwithstanding that asserted lack of relevance, the motion to sever contends that "[i]f a jury convicts [Defendant] on either a perjury or gun-related charge, they are more likely to subscribe to him a criminal disposition and convict him of the remaining charge despite evidence to the contrary." *Id.* In short, Defendant's argument would set forth a general rule that if evidence

7

related to one crime is admitted in a trial involving another crime, that admission would result in prejudice to the defendant sufficient to warrant severance.

The court finds that Defendant's proffered general rule is discredited by the fact that, even in trials involving allegations of one crime, "evidence of other crimes is admissible for certain [] purposes because its probative value is [in those circumstances] thought to outweigh its prejudicial effect." *United States v. Foutz*, 540 F.2d 733, 736 (4th Cir. 1976); *see also* Fed. R. Evid. 404(b)(2) (evidence of other crimes, wrongs, or acts may be admissible to "prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."). Likewise, when offenses are consolidated in an indictment under the theory that they are "based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan," Fed. R. Crim. P. 8(a), "it is manifest that evidence of one offense would ordinarily be admissible at a separate trial for the other," *Foutz*, 540 F.2d at 737. If evidence related to joined crimes would ordinarily be "admissible in separate trials of the individual counts," that fact "greatly mitigates any prejudice." *United States v. Cole*, 857 F.2d 971, 974 (4th Cir. 1988).

To that point, the court notes the United States' argument that a substantial amount of evidence would be admissible as to both the firearm charges and the perjury charges. *See* DE 83 at 10-11. Although the court is not presently in a position to make any evidentiary rulings, the charges in the Indictment address conduct that occurred within a discrete and limited period of time, and "the jury is entitled to know the setting of a case" and "cannot be expected to make its decision in a void without knowledge of the time, place and circumstances of the acts which form the basis of the charge[s]." *United States v. Masters*, 622 F.2d 83, 86 (4th Cir. 1980) (internal parentheses and quotation marks omitted). Even if "every bit of evidence that [would be] admissible in [a] joint trial might not be admissible . . . in separate trials . . ., [the court can] perceive

8

no ***particular*** danger that the jury would cumulate such evidence" against Defendant. *United States v. Carmichael*, 685 F.2d 903, 910 (4th Cir. 1982) (emphasis added). Defendant's general and conclusory allegation that a jury would cumulate evidence against Defendant is unpersuasive.

In consideration of the foregoing principles, Defendant has not made a strong showing of prejudice. *See Goldman*, 750 F.2d at 1225. Even if he had, "less drastic measures, such as limiting instructions" would be sufficient "to cure any risk of prejudice." *Zafiro*, 506 U.S. at 539; *see also Masters*, 622 F.2d at 87 (noting that "prejudice . . . can be generally obviated by a cautionary or limiting instruction"); *LaRouche*, 896 F.2d at 831 ("curative instructions given to the jury by the district court go a long way in eliminating any prejudice resulting from the spillover effects of joinder"); *United States v. Silvestri*, 790 F.2d 186, 189 (1st Cir. 1986) ("Appropriate limiting instructions to the jury are an adequate safeguard against evidentiary spillover."); *accord United States v. Jines*, 536 F.2d 1255, 1257 (8th Cir. 1976). Rule 14 expressly contemplates measures less drastic than severance. *See* Fed. R. Crim. P. 14(a) (detailing that court, when faced with appearance of prejudice, may "provide any other relief that justice requires"). The United States represents that it would request a limiting instruction in this case. DE 83 at 12. In the absence of a more particularized showing of prejudice, that instruction would obviate any risk of prejudice. Accordingly, the motion to sever is denied.

9

## III. Conclusion

The motion to dismiss Count Thirteen (13) of the Indictment on grounds of lack of specificity [DE 78] and motion to sever the gun-related charges (Counts 4 through 15) and the perjury-related charges (Counts 1 through 3) [DE 79] are DENIED.

SO ORDERED this \_\_\_4th\_\_\_ day of March, 2024.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE