IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

5:23-CR-00165-M-1

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KOJO OWUSU DARTEY,<br><br>Defendant. | ORDER |

This matter comes before the court on Defendant's motion for a judgment of acquittal [DE 177]. Defendant "contends that there was insufficient evidence for a reasonable jury to find him guilty on each of the counts of conviction." DE 177 at 1. Defendant particularly "focus[es] on" his convictions on Counts 4 and 5 of the Indictment (conspiring to engage in firearms dealing without a license and engaging in firearms dealing without a license), which he asserts "are so inconsistent with the acquittals" on Counts 8-12 (making false statements to a federally licensed firearms dealer) "that they cannot stand." *Id.* at 2. The United States responded in opposition. DE 180. For the reasons that follow, the motion is DENIED.

I. **Abbreviated Factual and Procedural History**

Defendant was charged in a 15-count Indictment, of which 13 counts apply to him. DE 1. The Indictment, filed on May 5, 2023, charges Defendant in Count 1 with making a false statement or representation to a department or agency of the United States; in Count 2 with impeding the due administration of justice; in Count 3 with making false declarations before the court; in Count 4 with conspiracy; in Count 5 with dealing in firearms without a license; in Counts 8-12 with knowingly making a materially false statement to a federally licensed firearms dealer; in Count 13

1

with delivering firearms without notice to the carrier; in Count 14 with smuggling goods from the United States; and in Count 15 with exporting firearms without a license. *Id.* at 1-5, 7-9. "At a high level, Defendant [wa]s charged with making false statements in connection with a prior federal criminal case, both in and out of court. During Defendant's travels to the United States to provide testimony in that case, he also allegedly coordinated an illicit shipment of firearms to Ghana." DE 86 at 1 (prior order recounting factual history) (internal citation omitted).

Defendant entered a plea of not guilty and proceeded to trial. DE 92 (March 11, 2024 Minute Entry reflecting plea of "Not Guilty"). The parties presented evidence over a four-day trial. DE 156; DE 162; DE 164; DE 167. At the close of the United States' case-in-chief, Defendant made an oral motion for acquittal on all counts pursuant to Rule 29 of the Federal Rules of Criminal Procedure. DE 164. The court reserved its decision on the motion after considering the evidence in the light most favorable to the United States, and the trial proceeded. *See id.* After Defendant presented evidence, he renewed his Rule 29 motion. DE 167. The court then denied the motion, concluding that there was sufficient evidence to permit the jury to decide whether or not each and every element of the case had been proven beyond a reasonable doubt. *See id.* The case was submitted to the jury.

After deliberating, the jury found Defendant guilty on Counts 1, 3, 4, 5, 13, 14, and 15. DE 169; DE 170. Defendant was acquitted on Counts 2 and 8-12. *Id.* Defendant now brings the instant motion. DE 177.

## II.    Legal Principles

On a defendant's motion, the court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "The test for deciding a motion for a judgment of acquittal is whether there is substantial evidence (direct or

2

circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." *United States v. MacCloskey*, 682 F.2d 468, 473 (4th Cir. 1982). Substantial evidence exists if any "rational trier of fact" could find a charge "proven beyond a reasonable doubt." *United States v. Singh*, 518 F.3d 236, 249 (4th Cir. 2008).

Considering the relevant test, "[a] defendant who brings a sufficiency challenge bears a heavy burden." *United States v. Clarke*, 842 F.3d 288, 297 (4th Cir. 2016). The court may not "weigh the evidence or assess the credibility of witnesses when it judges the merits of a motion for acquittal." *Burks v. United States*, 437 U.S. 1, 16 (1978). Rather, "[t]he [c]ourt must assume that the Government's evidence is credible," *United States v. Blankenship*, No. 5:14-CR-00244, 2015 WL 8731688, at *1 (S.D.W. Va. Dec. 9, 2015), and "draw all reasonable inferences in favor of the government," *United States v. Edwards*, 9 F.3d 1544 (4th Cir. 1993) (internal quotation marks omitted). The court must also "must assume that the jury resolved all [evidentiary] contradictions [] in favor of the Government." *United States v. United Med. & Surgical Supply Corp.*, 989 F.2d 1390, 1402 (4th Cir. 1993). As a consequence, acquittal "on grounds of insufficient evidence" is "confined to cases where the prosecution's failure is clear." *Burks*, 437 U.S. at 17.

### III. Analysis

#### a. "Inconsistency" in the Jury's Verdict

Defendant first argues that his convictions on Counts 4 and 5 of the Indictment (conspiring to engage in firearms dealing without a license and engaging in firearms dealing without a license) "are so inconsistent with the acquittals" on Count 8-12 (making false statements to a federally licensed firearms dealer) "that they cannot stand." DE 177 at 2. But "[c]onsistency in the verdict

3

is not necessary. Each count in an indictment is regarded as if it was a separate indictment." *Dunn v. United States*, 284 U.S. 390, 393 (1932). "The rule that the defendant may not upset such a verdict embodies a prudent acknowledgment," that a jury at times may reach its conclusion "though mistake, compromise, or lenity." *United States v. Powell*, 469 U.S. 57, 65 (1984). Because "it has long been settled that inconsistent jury verdicts do not call into question the validity or legitimacy of the resulting guilty verdicts," *United States v. Green*, 599 F.3d 360, 369 (4th Cir. 2010), Defendant's inconsistency argument fails to provide a basis on which the court may disturb the jury's verdict.

### b. Sufficiency of the Evidence

Defendant argues further "that there was insufficient evidence for a reasonable jury to find him guilty on each of the counts of conviction." DE 177 at 1. As to Counts 1 and 3, Defendant asserts "[t]he issue is materiality," and that even though Defendant lied about his extramarital relationship with a witness in the prior federal criminal case (both to a federal agent and while on the stand under oath), those misrepresentations were merely a "distraction." *Id.* at 3. Defendant further avers that, as to Counts 13-15, "[t]he government failed to demonstrate the required mens rea of the defendant." *Id.* In other words, because "abstruse regulations govern[] the shipment of weapons overseas," Defendant did not "act[] willfully or knowingly." *Id.* at 4. The court rejects these arguments.

As to Count 1 (making a false statement), the United States provided evidence of materiality. Specifically, Army Criminal Investigative Division Special Agent Bryan Moultis testified that he is wary of others attempting to use law enforcement to further personal vendettas, and so therefore witness credibility is crucial to him. Agent Moultis further testified that he would not have recommended Defendant as a witness for the prior federal criminal case if he had known

4

Defendant was lying when he said he had not engaged in extramarital relations with another trial witness. The court assumes the jury found this testimony to be credible. *Burks*, 437 U.S. at 16. Defendant's false statements to Agent Moultis were therefore material because they had the capacity to (and in fact did) influence Agent Moultis' investigation, consistent with the court's materiality instruction to the jury.

For Count 3 (perjury), the court likewise concludes that Defendant's false statement under oath that he had not engaged in extramarital relations with another trial witness in the prior federal criminal case was material because it was capable of influencing that jury's perception of Defendant's credibility.[1] "A statement is usually sufficient to support a charge of perjury if it is material to any proper matter of inquiry, or if it is intended or calculated to bolster the testimony of a witness on some material point." *United States v. Allen*, 409 F. Supp. 562, 565 (E.D. Va. 1975), *aff'd*, 541 F.2d 278 (4th Cir. 1976). "Broadly speaking, any testimony that is relevant in the trial of a case, whether to the main issue or a collateral issue is sufficiently material to render one guilty of perjury who knowingly and wilfully falsifies in giving it." *Id.* This includes the "issue of credibility." *United States v. Scivola*, 766 F.2d 37, 44 (1st Cir. 1985); *see also Luse v. United States*, 64 F.2d 776, 777 (9th Cir. 1933) (finding testimony that "would ten[d] to establish [the defendant's] credibility as a witness . . . was material"); *United States v. Landsberg*, 23 F. 585, 586 (C.C.S.D.N.Y. 1882) ("Every question in cross-examination, which goes to the witness' credit, is material for this purpose."); *United States v. Allen*, 131 F. Supp. 323, 325 (E.D. Mich.

---

[1] To briefly summarize, these relations were relevant to the prior federal criminal case because Defendant provided the tip to law enforcement that prompted that investigation. The defendant in that trial was also engaged in a sexual relationship with the other trial witness, and evidence was elicited at trial that the defendant (in that trial), Defendant (Mr. Dartey), and the other trial witness were embroiled in some sort of romantic feud, colloquially referred to as a "love triangle." Therefore, Defendant's relations with this other witness were relevant because they were evidence of his bias towards the defendant in the prior criminal case, and accordingly his credibility as the tipster to law enforcement who was responsible for prompting that investigation.

5

1955) (concluding that witness "credibility is material to the inquiry in the sense in which that term is used in the perjury statute").

"In fact, every Court of Appeals which has reviewed the issue has ruled that a witness's credibility is material to the fact-finder's consideration of a case." *Sears v. United States*, 791 F. Supp. 950, 953 (N.D.N.Y. 1992) (collecting cases); *see also United States v. Sablosky*, 810 F.2d 167, 169 (8th Cir. 1987) (holding that perjured statement "may be material to any proper matter of inquiry, including the credibility of a witness"). By concealing his sexual relationship with another trial witness, Defendant avoided the perception of bias towards the defendant in the prior federal criminal case and bolstered his own credibility with the jury. *See Sears*, 791 F. Supp. at 953 (explaining that "because jurors weighing the evidence are instructed to consider each witness's credibility, statements which bolster or diminish credibility might affect the outcome of a case"). That concealment was material and supports a perjury conviction, as the jury concluded.

Defendant did not raise any argument that the evidence was insufficient to support his convictions for Counts 4 and 5 apart from the inconsistency argument the court has already rejected. *See* DE 177 at 1-5. His conclusory statement "that there was insufficient evidence for a reasonable jury to find him guilty on each of the counts of conviction," DE 177 at 1, cannot satisfy the "heavy burden" he faces as the Rule 29 movant, *Clarke*, 842 F.3d at 297.

Even if Defendant had provided a robust insufficiency argument, the court would find that there was sufficient evidence to support these charges. For Count 4 (conspiracy), the United States presented evidence that Defendant solicited his co-Defendant to purchase several firearms that Defendant ultimately shipped overseas (along with several other firearms Defendant had procured) without an export license or notice to the common carrier. The co-Defendant testified that he did not conspire with Defendant to export the firearms to Ghana, but the jury could have disbelieved

6

that testimony; on a Rule 29 motion this court may not independently consider witness credibility and must draw inferences in favor of the prosecution. *See, e.g.*, *MacCloskey*, 682 F.2d at 473; *Burks*, 437 U.S. at 16.

Equally plausible is that jury concluded Defendant conspired with someone other than his co-Defendant because, as charged in the Indictment, Defendant conspired with "others known and unknown to the Grand Jury." DE 1 at 3. The United States presented evidence of a phone number printed on the side of the blue barrel that Defendant shipped to Ghana (which concealed firearms and ammunition beneath bags of rice and household effects). Ghanaian authorities took the barrel into their custody, and no one in Ghana attempted to retrieve the non-contraband from the barrel. A rational trier of fact could have inferred from that evidence that the phone number on the barrel belonged to an unknown co-conspirator of Defendant who resided in Ghana. A rational trier of fact could have further inferred that, because no one attempted to retrieve the non-contraband from the Ghanaian authorities, the purpose of the shipment was to conceal the illegal international dealing of firearms, not to send household effects to family living overseas. "Substantial evidence," under either view of this circumstantial evidence, "would warrant a jury finding that the defendant was guilty [of conspiracy] beyond a reasonable doubt." *MacCloskey*, 682 F.2d at 473.

Substantial evidence also supported the conviction for Count 5 (engaging in the business of firearms dealing without a license). The evidence was undisputed that Defendant lacked a federal firearms license. And, as the court instructed the jury, a person is engaged in the business of firearms dealing if that person devotes time, attention, and labor to dealing in firearms as a regular course of trade, or engages in one sufficiently large firearm transaction. This activity does not require a profit motive for those who purchase and dispose of firearms for criminal purposes.

7

The United States presented evidence, as previously recounted, that Defendant collected 11 firearms (and associated ammunition) and shipped them overseas without an export license and without providing notice to the common carrier. The jury could have reasonably concluded that shipping thousands of dollars in firearms and ammunition in violation of the export laws and without notice to the common carrier was an adequately large transaction conducted for a criminal purpose (evasion of the export laws). The jury could have likewise inferred from the phone number printed on the side of the barrel, and the fact that no one attempted to retrieve the barrel, that Defendant sold and shipped the firearms to an unknown person in Ghana.[2] Taken in the light most favorable to the prosecution, that evidence is sufficient to support the conviction on Count 5.

Defendant also challenges his convictions on Counts 13-15 on the basis that the United States failed to prove that he "acted willfully or knowingly." DE 177 at 3-4. The court disagrees in light of the ample evidence that Defendant acted knowingly and willfully, that is, with knowledge of the unlawfulness of his conduct and with an intent to do something unlawful. The United States presented evidence that Defendant (1) concealed the firearms and ammunition under bags of rice and household effects, (2) did not tell anyone in the chain of custody that the barrel contained contraband, (3) did not declare the firearms on the shipping paperwork, and (4) when confronted by the shipper as to why Defendant did not tell him that the barrel contained firearms, made an inculpatory statement to the effect that, if he had told the shipper, then the shipper would not have transported the barrel on his behalf.

Defendant also solicited testimony from various witnesses that Defendant was an accomplished officer in the United States Army, as well as mentor to numerous enlisted men.

---

[2] The barrel listed the name Melvin Quanteh on the side. The United States presented evidence that Defendant had a nephew named Kelvin Quanteh. The evidence also showed that neither Melvin nor Kelvin Quanteh were licensed firearm importers, manufacturers, dealers, or collectors.

8

Specifically, several witnesses testified that, when they were up for a promotion in the Army, Defendant would assist them with their "packet," i.e., help them compile all the necessary information in accordance with Army regulations so that they could present their best argument for promotion to the Army review board. Given this testimony that Defendant was an organized, rules-oriented Army officer, a rational juror could quite reasonably have concluded that Defendant was not ignorant of the "abstruse regulations" he now challenges. Notably, the Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473 Defendant repeatedly signed while purchasing firearms in the days leading up to his shipment to Ghana expressly warned him that exporting firearms with proper authorization from the Department of Commerce could subject him to up to 20 years imprisonment. Coupled with significant evidence that Defendant attempted to conceal the contents of his shipment from everyone else involved, substantial evidence supports that Defendant knowingly and willfully exported firearms to Ghana without providing notice to the common carrier. The court finds that the convictions on Counts 13-15 must, therefore, stand.[3]

---

[3] Counsel for Defendant calls to the court's attention the case of *United States v. Rogel-Rodas*, although counsel concedes that he lacks "a good-faith basis to argue it." DE 177 at 4 n.2. As always, the court appreciates counsel's candor on matters of law, and has considered the case but found it to be inapplicable. In *Rogel-Rodas*, the Court granted the defendant's post-trial Rule 29 motion as to his smuggling conviction. *United States v. Rogel-Rodas*, No. 4:21-CR-40058, 2023 WL 1821036 (D.S.D. Feb. 8, 2023). A conviction under 18 U.S.C. § 554 requires that the defendant know that his export of some good is "contrary to any law or regulation of the United States." 18 U.S.C. § 554(a). "Thus, to find Rogel-Rodas guilty of [the smuggling charge], the jury had to find that [his] actions violated 18 U.S.C. § 922(e), as alleged in Count 1 [of his indictment], or 18 U.S.C. § 922(a)(5), as alleged in Count 2 [of his indictment]." *Rogel-Rodas*, 2023 WL 1821036, at *2. The Court found that the prosecution had failed to prove an essential element of both Section 922(e) and Section 922(a)(5) because there was no evidence presented that the defendant shipped firearms to a person who was not "licensed as a firearm dealer, manufacturer, importer, or collector." *Id.* at *3. Because the prosecution in that case did not prove an essential element of Section 922(e) or Section 922(a)(5), it could not prove a violation of Section 554, of which an element is a violation of the predicate charge(s). *See United States v. Singer*, 963 F.3d 1144, 1156 (11th Cir. 2020) (discussing potential for "two scienter requirements" with Section 554 charge where underlying offense contains different mens rea requirement).

Unlike in *Rogel-Rodas*, here the underlying offense for Defendant's smuggling charge in Count 14 was a violation of "Title 50, United States Code, Section 4819," the export law that serves as the basis for Count 15. DE 1 at 8-9. The court has concluded that substantial evidence supported Defendant's conviction on Count 15, so no reciprocal infirmity exists as to his conviction on Count 14.

9

## IV. Conclusion

On this Rule 29 motion, Defendant has not met his "heavy burden." *Clarke*, 842 F.3d at 297. "[S]ubstantial evidence . . . taken in the light most favorable to the prosecution" supports the "jury['s] finding that the defendant was guilty beyond a reasonable doubt." *MacCloskey*, 682 F.2d at 473. Defendant's motion [DE 177] is DENIED.[4]

SO ORDERED this 24th day of June, 2024.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] In light of this conclusion, the court finds that "the interest of justice" does not "require[]" a new trial, so Defendant's alternative request for relief is similarly denied. Fed. R. Crim. P. 33(a).

10